UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MICHAEL COUNCIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00302-JPH-DLP |
| MERRICK GARLAND, et al. | ) ) ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING THE COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Brandon Council, a death row inmate at USP Terre Haute, brings this lawsuit against Attorney General Merrick Garland, former Attorney General Jeff Sessions, three Assistant United States Attorneys, and a United States District Court Judge. For the reasons explained below, the complaint is dismissed because the defendants are immune from liability. Mr. Council may file an amended complaint to avoid dismissal of the action.

**I. SCREENING STANDARD**

Because Mr. Council is a prisoner, the Court has an obligation to screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A(a), (c). The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. THE COMPLAINT

Mr. Council was sentenced to death in the United States District Court for the District of South Carolina. He brings this lawsuit against the sentencing judge, Hon. R. Brian Harwell; the Assistant United States Attorneys who prosecuted him, Nathan Williams, Everett McMillan, and Derek Shoemake; and Attorney General Merrick Garland and former Attorney General Jeff Sessions. Mr. Council seeks damages and immediate release from federal custody.

The complaint alleges the following. "Any form of federal or state execution is an intentional deprivation and violation of constitutional rights and protections." Dkt. 1, p. 10. Former Attorney General Sessions and Assistant United States Attorneys Williams, McMillan, and Shoemake violated the Eighth Amendment when they sought the death penalty against Mr. Council. *Id.* at 6-12. Judge Harwell violated the Eighth Amendment by "willingly participat[ing] in all preliminary and dual trial judiciary proceedings" despite knowing that the death penalty is unconstitutional. *Id.* at 10. The death penalty is disproportionately imposed against African Americans, and Mr. Council's death sentence amounts to "excessive force, slavery, and torture." *Id.* at 8.

The complaint also alleges that the conditions of Mr. Council's confinement at USP Terre Haute, specifically his prolonged placement in isolation and denial of mental health treatment, is harmful to his mental health and amounts to cruel and unusual punishment. The complaint does not name any defendants responsible for the prison conditions at USP Terre Haute.

### III. DISCUSSION

The defendants are immune from liability for seeking and imposing the death penalty. Former Attorney General Sessions and Assistant United States Attorneys Williams, McMillan, and Shoemake have absolute prosecutorial immunity for seeking the death penalty. *See Hartman v. Moore*, 547 U.S. 250, 262 (2006) (prosecutors are "absolutely immune for the decision to prosecute"). And Judge Harwell has absolute judicial immunity for judicial acts he performed during Mr. Council's preliminary proceedings and trials. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (If a judge errs "through inadvertence or otherwise, a party's remedy is through the appellate process."). Accordingly, Mr. Council's claims arising from the imposition of his death sentence are **DISMISSED**.

The complaint may state Eighth Amendment conditions of confinement claims arising from Mr. Council's placement in isolation and denial of mental health treatment at USP Terre Haute. However, the complaint does not name any defendants, such as prison officials at USP Terre Haute, who may be personally involved in the conditions of his confinement. Accordingly, Mr. Council's conditions of confinement claims are also **DISMISSED**.

The complaint does not allege any facts against Attorney General Garland. Thus, the claims against him are **DISMISSED** for failure to state a claim upon which relief may be granted. To the extent that Mr. Council names Attorney General Garland in his official capacity for the Justice Department's decision to seek the death penalty during the previous administration, the Office of the Attorney General has absolute immunity from liability as to this claim.

Finally, the Court notes that Mr. Council may not obtain immediate release from federal custody through this civil rights lawsuit. A civil rights lawsuit is the appropriate vehicle to seek monetary damages and some forms of injunctive and declaratory relief, but a writ of habeas corpus

is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *see also Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (Claims seeking release from custody are not cognizable in a civil rights lawsuit).

### IV. OPPORTUNITY TO AMEND

The dismissal of the complaint will not, at this time, lead to the dismissal of the action. Instead, Mr. Council may try to avoid dismissal by filing an amended complaint. The amended complaint will completely replace the original and must include all defendants, factual allegations, and claims for relief. It must also include the proper case number, 2:21-cv-00302-JPH-DLP, and the title "Amended Complaint." If Mr. Council files an amended complaint, it will be screened according to 28 U.S.C. § 1915A(a)-(c). Mr. Council has through **September 17, 2021**, to file an amended complaint. The failure to meet this deadline will result in the dismissal of the action without further warning or ability to show cause.

The **clerk is directed** to send Mr. Council a copy of the Court's *pro se* complaint form with his copy of this Order.

**SO ORDERED.**

Date: 8/17/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MICHAEL COUNCIL
63961056
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808