UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MICHAEL COUNCIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00302-JPH-DLP |
| ) | |
| MERRICK GARLAND, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING SECOND AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Brandon Council is a death row inmate at USP Terre Haute. His complaint and first amended complaint were dismissed for failure to state a claim upon which relief may be granted. His second amended complaint names the United States Department of Justice, the United States Bureau of Prisons, Warden Thomas J. Watson, and psychologist Gina Sacchetti as defendants. For the reasons explained below, his Eighth Amendment medical claims against Warden Watson and Dr. Sacchetti shall proceed, and all other claims and defendants are dismissed.

**I. SCREENING STANDARD**

Because Mr. Council is a prisoner, the Court has an obligation to screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A(a), (c). The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that

is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. THE COMPLAINT

Mr. Council was sentenced to death in the United States District Court for South Carolina. He is suing the Justice Department and the Bureau of Prisons for their roles in carrying out his death sentence. He specifically argues that his death sentence amounts to slavery and torture and that portions of the 13th Amendment violate the Eighth Amendment and international treaty agreements.

Mr. Council is also suing Warden Watson and Dr. Sacchetti. He says that Warden Watson "is a party to this complaint because he has failed to provide an appropriate remedy to issues regarding physical and psychological harm pertaining to my current and ongoing conditions of solitary confinement." Dkt. 21, pp. 6-7.

Mr. Council also says that Dr. Sacchetti has not administered adequate mental health services. He says that on "several occasions I have verbally requested that [Dr.] Sacchetti initiate or attempt to initiate the process of modifying the conditions of confinement," that "she has failed to report to the Institutional Administrative Supervisors that the current standard operating procedures are creating an aggravated psychological impairing condition of confinement that is equal to torture," and that she has failed to perform a psychological evaluation, which has deprived him access to psychiatric medication. *Id.* at 7-8.

## III. DISCUSSION

As the Court explained in the first screening order, prosecutors are immune from civil liability for seeking the death penalty. *See Hartman v. Moore*, 547 U.S. 250, 262 (2006) (prosecutors are "absolutely immune for the decision to prosecute"). Also, while inmates may sue individual federal employees for violations of certain constitutional rights pertaining to the conditions of their confinement, *Carlson v. Green*, 446 U.S. 14, 24 (1980), they may not bring those constitutional claims against a federal department or agency. *See F.D.I.C. v. Meyer*, 540 U.S. 471, 485 (1993). Accordingly, Mr. Council's claims against the Justice Department and the Bureau of Prisons are **DISMISSED**.

Liberally construed, the second amended complaint states a claim against Warden Watson and Dr. Sacchetti for deliberate indifference to a serious medical need. Specifically, the second amended complaint alleges that prolonged solitary confinement has aggravated Mr. Council's mental health issues, that these defendants are aware of those issues, but that they have not taken steps within their authority to alleviate those issues—such as removing him from solitary confinement, reporting the effect of solitary confinement on his mental health, or ensuring that he be evaluated for medication by a psychiatrist. Accordingly, these Eighth Amendment claims **SHALL PROCEED** against Warden Watson and Dr. Sacchetti.

This summary includes all viable claims identified by the Court. If Mr. Council believes the second amended complaint states additional claims, he has through **January 14, 2022**, to identify those claims.

## IV. CONCLUSION

Mr. Council's Eighth Amendment medical claims **SHALL PROCEED** against Warden Watson and Dr. Sacchetti. All other claims and defendants are **DISMISSED**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(2), to issue process to defendants Warden Thomas J. Watson and Dr. Gina Sacchetti. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or their Deputy shall serve the summons, together with a copy of the second amended complaint, dkt. [21], and a copy of this Order, on each defendant and on the officials designated pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

The **clerk shall remove** Merrick Garland, Jeff Sessions, R. Bryan Harwell, Nathan Williams, Everett McMillan, and Derek Shoemake as defendants on the docket. The **clerk shall add** Warden Thomas J. Watson and Dr. Gina Sacchetti as defendants on the docket.

**SO ORDERED.**
Date: 12/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MICHAEL COUNCIL
63961056
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204