UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MICHAEL COUNCIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00302-JPH-DLP |
| ) | |
| GINA SACCHETTI, ) | |
| THOMAS J. WATSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**

Brandon Council is a federal inmate awaiting execution at USP Terre Haute. His original complaint and his first amended complaint were dismissed for failure to state a claim upon which relief may be granted. Dkts. 10, 20.

The Order screening the second amended complaint allowed this lawsuit to proceed against Warden Thomas Watson and Staff Psychologist Gina Sacchetti on the theory that Mr. Council's prolonged placement in solitary confinement and a lack of access to adequate psychiatric or psychological care violates the Eighth Amendment Dkt. 23. Mr. Council's claims against the Justice Department and the Federal Bureau of Prisons for "Eighth Amendment violations which [he] allege[s] are currently identified as Slavery and Torture," dkt. 21, pp. 4-5, were dismissed because prisoners may not bring constitutional claims against a federal department or agency. *Id.* at 3 (citing *F.D.I.C. v. Meyer*, 540 U.S. 471, 485 (1993)).

Mr. Council has filed a motion to reconsider, in which he seeks to bring excessive force and slavery claims against Warden Watson. A motion to reconsider must be premised on newly discovered evidence or a manifest error of law or fact. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

1

Neither the second amended complaint nor the motion to reconsider alleges facts sufficient to raise a reasonable inference that Warden Watson has caused Mr. Council to suffer excessive force in violation of the Eighth Amendment or slavery in violation of the Thirteenth Amendment. These documents state that Mr. Council is in prison as a result of his federal criminal convictions. He is proceeding in this lawsuit on allegations that certain conditions of his incarceration, specifically prolonged solitary confinement and an alleged lack of access to psychiatric or psychological care, violate the Eighth Amendment. Dkt. 23. Mr. Council may not proceed in this lawsuit on the theory that his incarceration itself is a form of slavery or torture. If he believes that his incarceration itself violates the Federal Constitution, his recourse is to file a petition for a writ of habeas corpus. *See* dkt. 10, pp. 3-4 (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (Claims seeking release from custody are not cognizable in a civil rights lawsuit).

Mr. Council's motion to reconsider, dkt. [27], is **DENIED**.

**SO ORDERED**.

Date: 7/7/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MICHAEL COUNCIL
63961056
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov