UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MICHAEL COUNCIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 2:21-cv-00302-JPH-DLP |
| ) | |
| GINA SACCHETTI, ) | |
| THOMAS J. WATSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Brandon Council has filed a motion for assistance recruiting counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). These questions require an individualized assessment of the plaintiff, the claims, and the

stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d at 653; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

Mr. Council has contacted multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655).

Mr. Council has earned a G.E.D and does not have any difficulty reading and writing in English. Dkt. 38, p. 3. He has pleaded his claims without assistance from other inmates. *Id.* at 6. He has not identified any specific physical or mental health issues that have affected his ability to litigate this case, although he states that his placement in solitary confinement, which he characterizes as "psychological[] torture," has impacted his ability.

2

Mr. Council is proceeding on claims against the Warden of his facility and a staff psychologist on the theory that his prolonged placement in solitary confinement and a lack of access to adequate psychiatric or psychological care violates the Eighth Amendment. *See* dkt. 23, p. 3. The Seventh Circuit has held that cases involving complex medical issues are often more challenging for inmates to litigate on their own. *Eagan*, 987 F.3d at 685. Nevertheless, the Court finds that Mr. Council understands the nature of these proceedings and is competent to represent himself at this stage of the lawsuit. Accordingly, the motion for counsel, dkt. [38], is **denied without prejudice**. The Court will remain alert to changes in circumstances, such as a settlement conference or trial, that might warrant reconsideration of this Order.

The **clerk is directed** to terminate the United States as an interested party on the docket.

**SO ORDERED**.

Date: 7/7/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MICHAEL COUNCIL
63961056
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov