UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MICHAEL COUNCIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00302-JPH-MKK ) |
| GINA SACCHETTI, THOMAS J. WATSON, | ) ) ) ) |
| Defendants. | ) |

**Order Granting Motion for Leave to File Verified Third Amended Complaint, Denying Motion to Dismiss Second Amended Complaint as Moot, and Screening Third Amended Complaint**

Plaintiff Brandon Michael Council is a death row inmate at United States Penitentiary Terre Haute. He has sued Gina Sacchetti and Thomas Watson under the Eighth Amendment alleging deliberate indifference to his serious medical needs. For the reasons explained below the motion for leave to file a third amended complaint, dkt [56], is **granted**, the motion to verify the third amended complaint, dkt [64], is **granted**, and the motion to dismiss the second amended complaint for failure to state a claim, dkt [41], is **denied as moot.** Finally, the Third Amended Complaint is screened as required by 28 U.S.C. § 1915A(a).

**I. Third Amended Complaint**

Mr. Counsel filed a second amended complaint alleging, among other things, deliberate indifference to a serious medical need, and requesting injunctive relief and $400 million in compensatory damages. On December 20, 2021, the Court issued an Order screening that complaint. Dkt. 23. The Court allowed Mr. Council's Eighth Amendment claims alleging deliberate indifference to a serious medical need to proceed against Warden Thomas J. Watson and Psychologist Dr. Gina Sacchetti. *Id.* The Court dismissed Mr. Council's claims against Merrick

Garland, Jeff Sessions, R. Bryan Harwell, Nathan Williams, Everett McMillan, and Derek Shoemake. *Id.*

Mr. Council has filed a motion for leave to file a third amended complaint. Dkt. 56. The proposed third amended complaint omits the previously dismissed claims against Garland, Sessions, Harwell, Williams, McMillian, and Shoemake. Dkt. 56-1. It also omits claims for injunctive relief against Watson and Sacchetti, instead seeking $100 million in compensatory damages as an exclusive remedy. *Id.* at 7. The substance of the factual allegations against Watson and Sacchetti with respect to Mr. Council's deliberate indifference claims have not changed. *Compare id.* (proposed third amended complaint) *with* dkt. 21 (second amended complaint). The defendants have not filed a response in opposition to this motion.

The unopposed motion for leave to file a third amended complaint, dkt. [56], is **granted**. The **clerk is directed** to redocket the proposed third amended complaint, dkt. [56-1], as the third amended complaint.

Mr. Council has filed a motion to verify the third amended complaint under penalty of perjury. This motion, dkt. [64], is **granted to the extent** that Mr. Council may cite to statements in the third amended complaint in relation to a future motion for summary judgment. *See Beal v. Beller*, 847 F.3d 897, (7th Cir. 2017) ("a verified complaint is not just a pleading; it is also the equivalent of an affidavit for purposes of summary judgment, because it contains factual allegations that if included in an affidavit or deposition would be considered evidence, and not merely assertion.") (internal quotations removed).

Given the filing of a Third Amended Complaint, Warden Watson's motion to dismiss the previous complaint is **denied as moot.** Dkt. [41].

### III. Screening of Third Amended Complaint

Because Mr. Council is a "prisoner," the Court screens his third amended complaint under 28 U.S.C. § 1915A(a). For the reasons explained below, Mr. Council's Eighth Amendment claims for compensatory damages shall proceed against Thomas J. Watson and Gina Sacchetti.

#### A. Standard of Review

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

#### B. Allegations

The third amended complaint makes the following allegations. On November 4, 2019, Mr. Council was transferred to the Special Confinement Unit at USP Terre Haute. Dkt. 56-1 at p. 4. Since that time, Mr. Council has:

> Allege[d] and contend[ed] through the inmate grievance process that [he has] been subjected to Torture which has caused irreparable psychological harm by the overly restrictive conditions of confinement and the inadequate, insufficient mental health treatment by Terre Haute Special Confinement Unit Psychologist Mrs. Gina

3

> Sacchetti. Mr. Thomas J. Watson is the complex Warden at the Terre Haute Special Confinement Unit and the respondent to all inmate grievances submitted at the institutional level. Mr. Watson is party to this complaint because he has failed to provide an appropriate remedy to issues regarding physical and psychological harm pertaining to my current and ongoing conditions of solitary confinement.

Id. at 4.

### C. Eighth Amendment Standard

To determine if the Eighth Amendment has been violated in the prison medical context, courts perform a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition. *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021) (*citing Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

In general, a plaintiff satisfies the objective component of the deliberate indifference inquiry with evidence that a physician has diagnosed a medical condition as requiring treatment, "or the need for treatment would be obvious to a layperson." *Jones v. Matthews*, 2 4th 607, 612 (7th Cir. 2021). To satisfy this subjective step, the complaint must allege that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. This entails "something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Peterson*, 986 F.3d at 752.

The complaint does not identify a specific medical condition that Mr. Council suffers from. However, the complaint does allege that the psychological harm he experiences is akin to torture, that Dr. Sacchetti has failed to provide him with a psychological evaluation, and that he has been denied psychiatric medication. Dkt. 56-1 at 4 and 6. It is well-established that psychiatric conditions and psychological distress may qualify as serious medical conditions for purposes of

4

the Eighth Amendment. *E.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (holding that an inmate of the Cook County Jail stated an Eighth Amendment denial-of-medical-care claim "in that his 'pleas' for psychological treatment were 'ignored.'"). Liberally construed, the third amended complaint plausibly states that Mr. Council's psychological harm rises to the level of a serious medical condition because the complaint alleges that this harm is akin to torture.

The third amended complaint also alleges sufficient facts to support that Ms. Sacchetti and Warden Watson had knowledge of Mr. Council's condition. The third amended complaint alleges that after his transfer to the Special Confinement Unit at USP Terre Haute, Mr. Council alleged and contended "[t]hrough use of the Bureau of Prisons inmate grievance process . . . that I have been subjected to Torture which has caused irreparable psychological harm by the overly restrictive conditions of confinement and the inadequate, insufficient mental health treatment by Terre Haute Special Confinement Unit." Dkt. 56-1 at p. 4. The third amended complaint also states that Warden Watson reviews "all inmate grievances submitted at the institutional level." *Id.* This necessarily includes the grievance Mr. Council submitted complaining about psychological harm. By alleging that Warden Watson reviewed Mr. Council's grievance, the complaint plausibly states that Warden Watson was aware that Mr. Council was experiencing psychological harm due to the conditions of the Special Confinement Unit.

Finally, the third amended complaint alleges facts sufficient to conclude that the defendants were deliberately indifferent to Mr. Council's serious mental health needs. Ms. Sacchetti is alleged to be a direct treatment provider. Meanwhile, Warden Watson allegedly "failed to provide an appropriate remedy to issues regarding physical and psychological harm pertaining to [Mr. Council's] current and ongoing conditions of solitary confinement." Dkt. 56-1 at p. 4. The alleged consequence of that failure is that the conditions of Mr. Council's confinement have not changed

and that he continues to suffer psychological harm akin to torture. This alleged failure to remedy Mr. Council's psychological harm plausibly states that Warden Watson was deliberately indifferent to Mr. Council's psychological harm. "Indeed, once an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Perez v. Fenoglio*, 792 F.3d 768, 782 (2015) (cleaned up) (reversing dismissal for prison grievance officers who allegedly failed to act within their authority after reviewing the plaintiff's detailed medical grievance).

The questions whether Mr. Council's psychological harm is as serious as he alleges, whether Warden Watson had actual knowledge of Mr. Council's psychological harm, and whether Warden Watson reasonably deferred to the advice of medical professionals require further factual development, making a dismissal for failure to state a claim at screening inappropriate. *See McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010) (holding that the district court was "too hasty in dismissing the claim against" a prison dental director for delays in treatment "especially given its duty to construe [the] pro se complaint liberally," but recognizing that "a more complete examination of the facts" might ultimately show that the alleged treatment delays did not reflect deliberate indifference on the part of the defendant).

###    D.    Screening Summary

Having applied the liberal screening standard set forth above, Mr. Council's Eighth Amendment damages claims alleging deliberate indifference to a serious medical need **shall proceed** against Warden Watson and Dr. Sacchetti in their individual capacities under the theory set forth in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and *Carlson v. Green*, 446 U.S. 14 (1980). No other viable claims were identified by the court.

The defendants shall answer or otherwise respond to the third amended complaint within **14 days of the issuance of this Order**.

### IV. Conclusion

The motion for leave to file a third amended complaint, dkt [56], is **granted**.

The motion to verify the third amended complaint, dkt [64], is **granted.**

The **clerk is directed** to re-docket the proposed third amended complaint, dkt. [56-1], as the third amended complaint.

The motion to dismiss the second amended complaint for failure to state a claim, dkt [41], is **denied as moot.**

The Third Amended Complaint has been screened as required by 28 U.S.C. § 1915A(a). Mr. Council's Eighth Amendment damages claims alleging deliberate indifference to a serious medical need **shall proceed** against Warden Watson and Dr. Sacchetti in their individual capacities. The defendants shall answer or otherwise respond to the third amended complaint within **14 days of the issuance of this Order**.

**SO ORDERED**.

Date: 3/14/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Brandon Michael Council
Inmate No. 63961-056
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel